ORIGINAL
FILED

AUG 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

1  CYNTHIA MELLEMA (State Bar No. 122798)
   MEGAN DUNHAM (State Bar No. 245991)
2  SONNENSCHEIN NATH & ROSENTHAL LLP
   2121 N. California Blvd., Suite 800
3  Walnut Creek, California 94596
   Telephone: (925) 949-2600
4  Facsimile: (925) 949-2610
   Email:    cmellema@sonnenschein.com
5             mdunham@sonnenschein.com

6  Attorneys for Defendant
   ALLSTATE INSURANCE COMPANY

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10            SAN FRANCISCO/OAKLAND DIVISION

11

12  JAKE SASSER, EVELYN SASSER,            CV No. 08        3793

13              Plaintiffs,                NOTICE OF REMOVAL OF A CIVIL
                                           ACTION
14       vs.

15  ALLSTATE INSURANCE COMPANY,
    STAN EISEN, RUSS NOTT AND DOES 1       BY FAX
16  through 200, inclusive,

17              Defendants.

18

19

20

21       TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

22  NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR

23  ATTORNEYS OF RECORD:

24       PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. section 1441(a), defendant Allstate

25  Insurance Company hereby removes to this Court the action described herein and respectfully

26  submits the following statement of grounds for removal:

27

28

JCS

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. California Blvd., Suite 800
Walnut Creek, California 94596
(925) 949-2600

Case No. _____                                        NOTICE OF REMOVAL

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. California Blvd., Suite 800
Walnut Creek, California 94596
(925) 949-2600

THE SUPERIOR COURT ACTION

1.    On May 9, 2008, an action was commenced in the Superior Court of the State of California for the County of Alameda, entitled "*Jake Sasser, Evelyn Sasser v. Allstate Insurance Company, Stan Eisen, Russ Nott and Does 1 through 200*," Case No. RG 08386735 (the "Superior Court Action").

2.    In the Superior Court Action, plaintiffs seek damages on account of Allstate's alleged improper failure to pay following a May 12, 2007 fire loss. (Complaint, ¶ 10.) Allstate allegedly insured a home owned by plaintiffs located at 7921 Holly Street in Oakland, California (the "home") under Landlords Package Policy number 9 14 105066 (the "Policy"). (*Id.* at ¶ 15.) According to the Complaint, plaintiffs claim Allstate wrongfully denied coverage under the Policy for damages as a result of their fire loss. Specifically, plaintiffs allege Allstate denied their claim based on "additional clauses to the policy which were never provided in the original policy sent to them in January 2007." (*Id.* at ¶ 10.)

3.    On the basis of these allegations, plaintiffs sue Allstate, Stan Eisen and Russ Nott for: "breach of contract," "negligence," "bad faith," intentional infliction of emotional distress" and "negligent infliction of emotional distress." Plaintiffs seek compensatory, general and punitive damages, attorneys' fees, prejudgment interest and costs of suit.

SERVICE

4.    Allstate is informed and believes the Summons and Complaint in the Superior Court Action were personally served on Allstate on or about July 10, 2008 by service on the CT Corporation. Attached hereto as Exhibit A are true and correct copies of the Summons, Complaint, Superior Court documents served with the Complaint and Allstate's Answer, which Allstate believes constitute all pleadings on file in the Superior Court Action.

5.    Allstate is informed and believes that the Summons and Complaint in the Superior Court Action were never personally served on Stan Eisen.

6.    Allstate is informed and believes that Russ Nott has not been personally served.

///

///

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. California Blvd., Suite 800
Walnut Creek, California 94596
(925) 949-2600

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JURISDICTION

7.      Plaintiffs were, at the time of filing of the Superior Court Action, now are, and at all relevant times have been, citizens and residents of the State of California. (Compl., ¶ 2.)

8.      Defendant Allstate was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in the city of Northbrook, Illinois. *See Griffin v. Allstate Ins. Co.*, 1995 U.S. Dist. LEXIS 11126 (C.D. Cal. Aug. 1, 1995) (recognizing that Allstate Insurance Company is incorporated in and has its principal place of business in Illinois); *Farrugia v. Allstate Ins. Co.*, 2007 U.S. Dist. LEXIS 22628 (N.D. Cal. Mar. 8, 2007) (accord); *see also* Cal. Department of Insurance, available at http://www.insurance.ca.gov (last visited Aug. 7, 2008) (Allstate Insurance Company's profile on file with the California Department of Insurance showing that it is a citizen and residence of Northbrook, Illinois).

9.      Plaintiffs and Allstate, accordingly, are citizens and residents of different states.

THE FRAUDULENT JOINDER OF CALIFORNIA RESIDENTS

10.     In addition to asserting causes of action against Allstate, plaintiffs purport to sue two individual defendants, Stan Eisen and Russ Nott.  As set forth below, plaintiffs' joinder of Mr. Eisen and Mr. Nott is fraudulent and designed to attempt to prevent the removal of the Superior Court Action to this Court, where it properly belongs, by the assertion of a sham claim against resident defendants.  In such a circumstance, a federal court will disregard the sham party for purposes of determining whether diversity jurisdiction exists.

11.     The Complaint does not allege any specific actions taken by Mr. Nott.  Instead, the complaint merely alleges Mr. Nott was an Allstate agent and, 'in doing the things herein alleged, was acting in the scope of such agency and with the permission and consent of defendant Allstate." (Compl., ¶ 5.)  At the time plaintiffs purchased their landlord package policy, Mr. Nott was an agent of Allstate, and his dealings with plaintiffs all occurred in the course and scope of that agency.

12.     Plaintiffs' Complaint against Mr. Nott, a putative resident defendant, purports to assert causes of action for breach of contract, negligence, breach of the implied covenant of

good faith and fair dealing, intentional infliction of emotional distress and negligent infliction of

emotional distress.  The Complaint fails to state any claim for relief against this defendant.

Because Mr. Nott allegedly acted at all times as an agent and representative of Allstate, he

cannot be personally liable under such a theory.  *See, e.g., Lippert v. Bailey*, 241 Cal. App. 2d

376, 382 (1960) (insurance agents acting for a disclosed principal could not be held personally

liable for acts committed in scope of employment); *Mercado v. Allstate Ins. Co.,* 340 F.3d 824,

826 (9th Cir. 2003) ("It is well established that, unless an agent or employee acts as a dual agent

. . . she cannot be held individually liable as a defendant unless she acts for her own personal

advantage"); *Meisel v. Allstate Ins. Co.*, 357 F. Supp. 1222, 1226-1227 (E.D. Cal. 2005)

(dismissing Allstate agent as sham defendant under *Mercado*); *Good v. The Prudential Ins. Co.*

*of America*, 5 F. Supp. 2d 804, 808 (N.D. Cal. 1998) (because there was "no possibility" that,

under California law, plaintiff could state a cause of action for negligent misrepresentation or

fraud against defendant insurance agent, he was fraudulently joined); *Gasnik v. State Farm Ins.*

*Co.,* 825 F. Supp. 245, 249 (E.D. Cal. 1992) (defendant insurance agent was fraudulently joined

where "agent is duly constituted and names his principal and contracts in his name and does not

exceed his authority, the principal is responsible and not the agent."); *Charlin v. Allstate Ins.*

*Co.*, 19 F. Supp. 2d 1137, 1142 (C.D. Cal. 1998) (it is settled law that an insurance agent acting

within the course and scope of his employment cannot be held liable for damages resulting from

a negligent failure to insure); *Bennett v. Allstate Ins. Co.,* 753 F. Supp. 299, 302 (N.D. Cal.

1990) (finding removal was proper because plaintiff could not state a cause of action against

defendant insurance agent for fraud based on alleged misrepresentations contained in insurance

policy to which agent was not a party); *Griffin v. Allstate Ins. Co.*, 1995 U.S. Dist. LEXIS 11126

(C.D. Cal. 1995) (agent sued for bad faith and breach of fiduciary duty fraudulently joined

because, under California law, company is liable to insured for acts of agent within scope of

agency); *Kuebler v. Allstate Ins. Co.*, 1998 WL 596733, *3 (C.D. Cal. 1998) (dismissing claim

for negligent misrepresentation against insurer's agent acting within scope of employment);

*Duffy v. Allstate Ins. Co.,* 1997 WL 809639,*2-*3 (C.D. Cal. 1997) (dismissing claim for

negligent misrepresentation against insurer's agent who acted within scope of his agency).

Case No. _____                                                        NOTICE OF REMOVAL

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. California Blvd., Suite 800
Walnut Creek, California 94596
(925) 949-2600

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. California Blvd., Suite 800
Walnut Creek, California 94596
(925) 949-2600

1    13.    Nor does the Complaint allege any specific actions taken by Mr. Eisen.  Instead

2    the complaint merely alleges Mr. Eisen was an Allstate employee and, 'in doing the things

3    herein alleged, was acting in the scope of such agency and with the permission and consent of

4    defendant Allstate." (Compl., ¶ 4.)

5    14.    Plaintiffs' Complaint against Mr. Eisen, a putative resident defendant, purports to

6    assert causes of action for breach of contract, negligence, breach of the implied covenant of

7    good faith and fair dealing, intentional infliction of emotional distress and negligent infliction of

8    emotional distress.  The Complaint fails to state any claim for relief against this defendant.

9    Because Mr. Eisen allegedly acted at all times in his capacity as Allstate's employee, he cannot

10   be personally liable under such a theory.  *See, e.g., Icasiano v. Allstate Ins. Co.,* 103 F. Supp. 2d

11   1187, 1190 (N.D. Cal. 2002) (claim adjuster has no liability for allegedly fraudulent acts taken

12   in the course and scope of her employment); *Moreno v. Allstate Ins. Co.,* 2002 WL 31133203,

13   *2 (C.D. Cal. 2002) ("Because Munoz's alleged misrepresentations were undisputedly made in

14   the course of his duties as an Allstate claims adjuster, Moreno may not hold Munoz individually

15   liable on fraud or negligent misrepresentation theories."); *Cobarrubias v. Allstate Ins. Co.,* 1998

16   WL 656571, at *1 (C.D. Cal. 1998) (an insurance adjuster "cannot be held personally liable for

17   damages resulting from acts committed in the course and scope of his or her employment").

18   15.    Because plaintiffs' purported claims against Mr. Nott and Mr. Eisen fail to state

19   any legally sustainable cause of action, they were "fraudulently joined for diversity and removal

20   purposes," and their presence is disregarded in determining jurisdiction. *See Ritchey v. Upjohn*

21   *Drug Co.,* 139 F.3d 1313, 1318-1320 (9th Cir. 1998); *Meisel,* 357 F. Supp. at 1226-1227; *Good,*

22   5 F. Supp. 2d at 808; *Icasiano,* 103 F. Supp. 2d at 1190.  The only arguably-viable causes of

23   action are against Allstate, a foreign defendant, and therefore the matter involves parties of

24   diverse citizenship and residency.

25   <u>AMOUNT IN CONTROVERSY</u>

26   16.    The amount in controversy in the Superior Court Action, exclusive of interest and

27   costs, exceeds the $75,000 jurisdictional minimum.

28   17.    Allstate is informed and believes that the cost to repair the fire damage is at a

-5-

Case No. _____                                                NOTICE OF REMOVAL

1   minimum $75,000.  According to the Oakland Fire Department Incident Report, the "property

2   loss" is $75,000.  Attached hereto as Exhibit B is a true and correct copy of the Oakland Fire

3   Department Incident Report.  Plaintiffs also seek to recover loss of use, rental income, sales

4   proceeds and other economic and consequential damages.  (Complaint, ¶ 25.)

5       18.     Additionally, plaintiffs seek to recover attorney's fees.  (Complaint, prayer for

6   relief, ¶ 8.)  Attorneys' fees incurred to compel payment of insurance policy benefits

7   unreasonably withheld are recoverable as an element of damages under *Brandt v. Superior*

8   *Court*, 37 Cal. 3d 813 (1985), and therefore must be included in calculating the amount of

9   controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

10      19.     Plaintiffs also seek an undisclosed amount of punitive damages.  (Complaint,

11  prayer for relief, ¶ 7.)  In calculating the amount in controversy, the Court must consider the

12  punitive damages that may be recovered by plaintiffs if their claim for punitive damages should

13  prevail.  *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000).

ORIGINAL JURISDICTION

14

15      20.     The Superior Court Action is a civil action of which this Court has original

16  jurisdiction under 28 U.S.C. section 1332, in that plaintiffs and Allstate are citizens of different

17  states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

18      21.     The case is therefore one which Allstate may remove to this Court pursuant to 28

19  U.S.C. sections 1441 and 1446.  The removal is effected less than thirty days after service of the

20  Complaint in the Superior Court Action, in accordance with 28 U.S.C. section 1446(b).

21      WHEREFORE, Allstate hereby gives notice that this action has been removed, in its

22  entirety, from the Superior Court of the State of California for the County of Alameda to the

23  United States District Court for the Northern District of California, San Francisco Division for

24  further proceedings as though it originally had been instituted herein.

25  ///

26  ///

27  ///

28

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. California Blvd., Suite 800
Walnut Creek, California 94596
(925) 949-2600

Case No. _____                                                    NOTICE OF REMOVAL

1

Dated: August 7, 2008

SONNENSCHEIN NATH & ROSENTHAL LLP

2

3

By _____

4

CYNTHIA L. MELLEMA

Attorneys for Defendant

5

ALLSTATE INSURANCE COMPANY

6

27303798\V-3

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. California Blvd., Suite 800
Walnut Creek, California 94596
(925) 949-2600

-7-

Case No. _____

NOTICE OF REMOVAL

**EXHIBIT A**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr>
<td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ALLSTATE INSURANCE COMPANY, STAN EISEN, RUSS NOTT,
AND DOES 1 THROUGH 200

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
JAKE SASSER, EVELYN SASSER

</td>
<td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*
**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

MAY - 9 2008

CLERK OF THE SUPERIOR COURT
By _____
S. Halcrombe
*Deputy*

</td>
</tr>
</table>

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

<table>
<tr>
<td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda County Superior Court
1225 Fallon Street
Oakland, CA 94612

</td>
<td>

CASE NUMBER:
*(Número del Caso):*
RG08386735

</td>
</tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ivy McCray, 829 - 61st Street, Oakland, CA 94608, Tel: 510-653-4900

S. Halcrombe

<table>
<tr>
<td>DATE: MAY - 9 2008
<br>*(Fecha)*</td>
<td>PAT S. SWEETEN</td>
<td>Clerk, by _____, Deputy
<br>*(Secretario)*                *(Adjunto)*</td>
</tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* ALLSTATE INSURANCE COMPANY

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☑ other *(specify):*
4. ☑ by personal delivery on *(date):* 7-10-08

Page 1 of 1

<table>
<tr>
<td>Form Adopted for Mandatory Use
<br>Judicial Council of California
<br>SUM-100 [Rev. January 1, 2004]</td>
<td>SUMMONS</td>
<td>Code of Civil Procedure §§ 412.20, 465
<br>American LegalNet, Inc. | www.USCourtForms.com</td>
</tr>
</table>

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Ivy McCray, SBN 245927<br>Law Offices of Ivy McCray<br>829 - 61st Street<br>Oakland, CA 94608<br>　TELEPHONE NO.: 510-653-4900　　　　FAX NO.:<br>ATTORNEY FOR *(Name)*: JAKE SASSER, EVELYN SASSER | **ENDORSED**<br>**FILED**<br>**ALAMEDA COUNTY**<br><br>MAY - 9 2008<br><br>CLERK OF THE SUPERIOR COURT<br>By _____ S. Halcrombe<br>　　　　　　　　　　Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  **ALAMEDA**
　STREET ADDRESS: 1225 FALLON STREET
　MAILING ADDRESS:
　CITY AND ZIP CODE: OAKLAND, CA
　BRANCH NAME:

| CASE NAME:<br>SASSER V. ALLSTATE INSURANCE CO., ET AL. | |
|---|---|

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | RG 08386735<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [✓] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
　a. [ ] Large number of separately represented parties
　b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
　c. [ ] Substantial amount of documentary evidence
　d. [ ] Large number of witnesses
　e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
　f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* FIVE
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 5/9/08

Ivy McCray
(TYPE OR PRINT NAME)　　　　　　　　　　　　　　　　(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

1    Ivy McCray, SBN 245927
    Law Offices of Ivy McCray
2    829 - 61ˢᵗ Street
    Oakland, CA 94608
3    Tel: 510-653-4900
    Fax: 510-450-0891
4

5    Attorney for Plaintiffs
    Jake Sasser, Evelyn Sasser
6

7

8

9                   SUPERIOR COURT OF CALIFORNIA

10            ALAMEDA COUNTY - UNLIMITED JURISDICTION

11

12    JAKE SASSER, EVELYN SASSER      Case No.  RG 08386735

13           Plaintiffs

14    v.                       BREACH OF CONTRACT, NEGLIGENCE,
                                BREACH OF THE IMPLIED COVENANT OF
15    ALLSTATE INSURANCE, STAN      GOOD FAITH AND FAIR DEALING,
    EISEN, RUSS NOTT AND DOES 1     INTENTIONAL INFLICTION OF EMOTIONAL
16    through 200, inclusive,           DISTRESS, NEGLIGENT INFLICTION OF
                                EMOTIONAL DISTRESS
17

18          Defendants.          and Punitive Damages

19

20                           **INTRODUCTION**

21       1.  COMES now plaintiffs, JAKE SASSER and EVELYN SASSER (hereinafter

22    "SASSERS"), suing jointly, complains against defendants ALLSTATE INSURANCE

23    COMPANY  (hereinafter "ALLSTATE"), and Steven Eisen,  (hereinafter "AGENT"), and

24    Does 1 Through 100 (hereinafter collectively "DOES") for acts committed by defendants

25    that have damaged them as follows:

26       2.  At all times herein-mentioned plaintiffs were and are residents of the State of

27    California.

28       3.  Plaintiffs are informed and believe thereupon allege that defendants ALLSTATE

                                Complaint                          l

ENDORSED
FILED
ALAMEDA COUNTY

MAY - 9 2008

CLERK OF THE SUPERIOR COURT
By _____ S. Halcrombe _____
                       Deputy

1  and DOES 1 through 50, inclusive, are and were at all relevant times are  licensed and

2  authorized to do business in the State of California as an insurance company by issuing

3  and delivering policies of homeowner insurance to residences of the State of California.

4      4. Plaintiffs are further informed and believe and thereupon allege that defendants

5  Stan Eisen and Does 51 through 75 are and was at all relevant times agents of Allstate

6  with a principal place of business in the State of California, and are licensed under the laws

7  of this State as insurance agents, and are authorized to issue and deliver policies for

8  defendant ALLSTATE.  Eisen as the agent of defendant ALLSTATE and, in doing the

9  things herein alleged, was acting in the scope of such agency and with the permission and

10  consent of defendant ALLSTATE.

11      5. Plaintiffs are further informed and believe and thereupon allege that defendants

12  Russ Nott and Does 76 through 100 are, and were at all relevant times, an agent of

13  Allstate with a principal place of business in the State of California, and are licensed under

14  the laws of this State as insurance agents, and are authorized to issue and deliver policies

15  for defendant ALLSTATE.  Nott as the agent of defendant ALLSTATE and, in doing the

16  things herein alleged, was acting in the scope of such agency and with the permission and

17  consent of defendant ALLSTATE.

18      6. Plaintiffs are ignorant of the true names and capacities of defendants DOES 101

19  through 200, inclusive, and accordingly sues them by such fictitious names, and will amend

20  this complaint to allege their true names and capacities when ascertained. Plaintiffs are

21  further informed and believe and thereupon allege that said defendants are responsible in

22  some manner for their damages alleged herein.

23      7. Plaintiffs are further informed and believe and thereupon allege that each of the

24  defendants, including DOES 101  through 200, inclusive, were at all times mentioned the

25  agent, servant or employee of each of the defendants, and were acting within the scope

26  and course of such agency, service or employment, and with respect to corporate

27  defendants, an officer, director, or managing agent authorized or ratified the wrongful

28  conduct complained of or was personally guilty of oppression, fraud, or malice.

**GENERAL ALLEGATIONS**

1

2    8. The Sassers are owners of a single family home located at 7921 Holly Street,

3  Oakland, California (hereinafter "Holly Street"). Holly Street was often rented to tenants

4  and was insured by Allstate Insurance Company for several years. The last insurance

5  policy that the Sassers received was in January 2007.  A copy of the insurance policy that

6  they received is attached as Exhibit A. The Sassers never received any more

7  documentation than what is attached as Exhibit A.

8    9. The Sassers were never advised, informed, or instructed about the contents or

9  provisions of the policy by any agent. They paid their premiums timely and were under the

10 belief they were covered for all casualties that may befall the property.

11    10. The property was recently listed for sale, when on May 12, 2007, a fire

12 occurred in the front bedroom sometime around 2:00 to 3:00 am. The Sassers made a

13 claim for the damages with Allstate and its Agents. An investigation took place and the

14 cause of fire was determined to be suspected arson. Nonetheless Allstate denied their

15 claim for the loss of use and damage to the structure, at which time, and only at that

16 time provided the Sassers with additional clauses to the policy which were never provided

17 in the original policy sent to them in January 2007.

18    11. Plaintiffs have demanded from defendants payment but defendants have failed

19 and refused, and continue to fail and refuse, to make them  whole for the loss and repair of

20 the Holly Street property.

21    12.   As a proximate cause of said wrongful conduct of defendants, plaintiffs

22 suffered damages and were required to and did retain the services of an attorney to

23 represent them in this matter, and have and will continue to incur expenses therefor, and is

24 entitled to an award of attorney's fees incurred, to be shown according to proof.

25    13. The allegations of this complaint stated on information and belief are likely to

26 have evidentiary support after a reasonable opportunity for further investigation or

27 discovery.

28

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(As to All Defendants)**

As and for a separate and distinct First Cause of Action, plaintiffs complain against defendants as follows.

14. Plaintiffs hereby incorporate each and every allegation the Complaint as though set forth in this cause of action. As and for a separate and distinct First Cause of Action, plaintiffs complain against defendants as follows.

15. On or about May, 2007 the Sassers made a claim for insurance benefits under the Allstate Insurance policy, Policy No. 914105066 03/13 for fire damage to the Holly Street property which they as insureds held with the insurer.

16. On or about June 22, 2007, defendants Allstate, Eisen, Nott and each of them breached the terms and provisions of the Allstate Insurance policy identified herein and attached hereto, by wrongfully refusing to pay for the damage to the structure caused by the fire. Allstate after the fire loss and plaintiffs' claim for the damage, sent additional information regarding the policy that plaintiffs were never advised or informed of in prior policies issued to them.

17. Plaintiffs are informed and believe defendants breached the terms of the contract issued to them that did not limit recovery for the loss to the Holly Street property, in the event of fire damage.

18. Plaintiffs have performed all the terms and conditions of the policy and has performed all obligations under said insurance policy on plaintiffs' part to be performed.

19. Plaintiffs have suffered damages that Allstate has guaranteed payment for, an now continues to refuse payment to bring plaintiffs back to whole.

20. Agents Nott and Eisen, who acted within the scope and agency of their employment with ALLSTATE, and as such, are as responsible for the acts committed by these agents in their refusal to perform the terms and conditions of the insurance policy for repair of the fire damage.

21. As a direct and proximate cause of such wrongful conduct, plaintiff has suffered

damages for a total amount to be shown at the time of trial.

### SECOND CAUSE OF ACTION
### NEGLIGENCE
### (As to All Defendants)

As and for a separate and distinct Second Cause of Action, plaintiffs complain against defendants as follows.

22. Plaintiffs hereby incorporate each and every allegation the Complaint as though set forth in this cause of action. Plaintiffs believe and are informed that all defendants knew plaintiffs relied their competency, skill, and expertise to provide full disclosure of their policy limits and exclusions, and not provide a mere perfunctory schedule. As well as advising plaintiffs of coverage under the policy, and so knew of the importance to plaintiffs of performing competently and truthfully with respect to advising, handling, or processing any claims, such that plaintiffs could prevent forfeiture of their claim under full disclosed policy.

23. At all relevant times, defendants breached its duty as set forth above, and were negligent and careless by the following acts and omissions:

a. Negligently failed to provide the Sassers with all provisions of the insurance policy in order they would be fully informed of the terms and provisions;

b. Negligently failed to advised, inform, or instruct the Sassers as to the insurance policy terms and limitations;

24. Plaintiffs are informed and believe and thereon allege that defendants have been negligent by other acts or omissions of which plaintiffs presently are unaware and which will be shown according to proof at the time of trial.

25. As a direct and proximate result of the negligence of defendants plaintiffs have sustained damages by the loss of use of the Holly Street property and continue to lose rental income, or sale proceeds, and other economic and consequential damages, for a total amount to be shown at the time of trial.

26. As a further direct and proximate result of the aforementioned conduct of defendants and each of them, plaintiffs have suffered mental and emotional distress, including, but not limited, to frustration, depression, nervousness and anxiety, and have thereby incurred general damages for a total amount to be shown at trial.

## THIRD CAUSE OF ACTION
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### (As to All Defendants)

As and for a separate and distinct Third Cause of Action, plaintiffs complain against defendants as follows.

27. Plaintiffs incorporate by reference each and every allegation of the Complaint as though set forth in this cause of action.

28. At all times herein relevant, said defendants agreed to act in good faith and deal fairly with plaintiffs in all matters related to the policy, including the proper handling of claims and investigations.

29. Said defendants assumed a special relationship with, and fiduciary duty to, and agreed to abide by the duties commensurate with these obligations by ensuring plaintiffs were aware of the contents of their policy terms. Nevertheless, said defendants refused and failed to act in good faith and deal fairly with plaintiffs, and breached said obligations, as set forth more particularly below.

a. Unreasonable and bad faith to discuss claim plaintiffs submitted to defendants;

b. Not attempting in good faith to effectuate a prompt, fair and equitable settlement of plaintiffs' claim for damage;

c. Bad faith failure to reasonably and promptly investigate, adjust, and process plaintiffs claim for damage.

d. Other wrongful and illegal conduct according to proof at trial; and,

e. Intentional and willful deprivation of plaintiffs for the full amount of the insurance benefits to which plaintiffs were entitled to under the insurance policy without making a full and complete inquiry as to whether plaintiffs were aware of their policy terms and the damage or loss exclusion claims  Such conduct by the defendants was carried on with a conscious disregard of the rights of plaintiffs.

30. As a direct and proximate result of the aforementioned conduct of defendants, and each of them, plaintiffs have suffered mental and emotional distress, including but not limited to, frustration, depression, nervousness and anxiety, and have thereby incurred general damages in a sum in excess of the jurisdiction of this court, all to be determined at the time of trial.

31. As a further direct and proximate result of defendants' breach of duty of good faith and fair dealing as alleged herein, plaintiffs have been damaged in a sum in excess of the jurisdiction of this court, plus interest, including prejudgment interest, all in an amount to be determined at time of trial.

32. As a further proximate result of the unreasonable conduct of the defendants, plaintiffs were compelled to retain legal counsel to obtain the benefits due under the homeowner's policy.  Therefore, defendants are liable to plaintiffs for those costs of suit

1  and attorneys' fees reasonably necessary and incurred by plaintiffs in order to obtain the

2  policy benefits in an amount to be determined at the time of trial.

3
4       33.  The acts alleged were committed by the defendants and each of them,

5  inclusive, in their ordinary business practice designed to keep from paying the monies

6  owed plaintiff which were and are legitimately owed to the plaintiffs in order to increase the

7  defendants' profits.  In doing so, and in doing the acts set forth above, the defendants'

8
9  acted despicably, willfully, wantonly, oppressively, fraudulently and/or in conscious

10 disregard of the plaintiff's rights.

11      34.  Plaintiffs therefore seeks exemplary damages in a sum to be set by the jury in

12 an amount sufficient to punish the defendants and to be certain that they never again

13 perpetrate such evils upon policyholders.

14
15                    **FOURTH CAUSE OF ACTION**
16        **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
                        **(As to All Defendants)**

17      As and for a separate and distinct Fourth Cause of Action, plaintiffs complain

18 against defendants as follows.

19
20      35.  Plaintiffs hereby incorporate each and every allegation the Complaint as though

21 set forth in this cause of action.

22      36.  Defendants' conduct as set forth herein above, was intentional and malicious to

23
24 not provide compensation for their loss, and was done with the knowledge that plaintiffs

25 emotional and physical distress would thereby increase, and was done in wanton and

26 reckless disregard with the consequences to the plaintiffs.

27      37.  As a proximate result to the aforementioned acts, the plaintiffs have suffered

28

Complaint                                          8

extreme humiliation, serious and severe mental anguish and emotional and physical

distress and has been injured in mind and body all to their damage in an amount according

to proof at the time of trial.

### FIFTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
#### (As to All Defendants)

As and for a separate and distinct Fifth Cause of Action, plaintiff complains against

defendant and ALLSTATE  as follows.

38.  Plaintiff hereby incorporates each and every allegation the Complaint as though

set forth in this cause of action.

39.  Defendants knew or should have known that defendants' failure to exercise due

care by not providing them with a policy that provided full disclosure would cause plaintiff

severe emotional distress in the event of an unforeseen casualty.

40.  Defendants knew or should have know that any loss or damage on the property

may be subject to limitations, but for the defendants failure to property advise plaintiffs

regarding their property insurance and its coverage, the defendants breached their duty to

plaintiffs, that caused plaintiffs humiliation, anxiety and emotional distress.

41.  As the proximate result of defendants' conduct, plaintiffs have suffered extreme

emotional distress.

WHEREFORE, plaintiffs pray for:

1. For general damages, to be shown according to proof;

2. For actual damages according to proof;

3. For special damages according to proof;

4. For consequential damages according to proof;

Complaint

9

1   5. For incidental damages according to proof;

2   6. For prejudgment interest on the foregoing at the legal rate;

3
    7. For punitive damages;
4

5   8. For attorney fees according to proof;

6   9. For costs of suit incurred herein; and

7   10.  For such other and further damages and/or relief as the Court may deem proper.

8

9
    Dated: 3/9/08                        LAW OFFICES OF IVY McCRAY
10

11
                                         Ivy McCray , Attorney for Plaintiffs
12                                       Jake Sasser, Evelyn Sasser

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      Complaint                                    10

# EXHIBIT A



**Important Insurance Coverage Information**

PRESORTED
FIRST CLASS

US POSTAGE
$00.312
JAN 30 2008
0000177
ZIP 94027
21 08600177

*Russ Nott*
*330 Townsend St #108*
*San Francisco CA 94107*

> **Your Quick Insurance Check**
>
> ✓ **Verify the information listed in the Policy Declarations.**
> ✓ **Please call if you have any questions.**
> ✓ **Now you can pay your premium before your bill is issued – visit allstate.com or call 1-800-Allstate®.**

Jake and Evelyn Sasser
1727 Oakdale Street
San Francisco CA 94124-2326

**A Copy of Your Policy Declarations**

A change has been made to your policy—it took effect on January 29, 2008. The enclosed Amended Policy Declarations includes this change.

The coverages and limits you carry on your policy are listed in detail on the Amended Policy Declarations. By comparing this Policy Declarations with the most recent Declarations mailed to you, you can see the changes in detail.

If you have any questions or concerns please contact your agent at (415) 644-9791.

Thanks again—it's a pleasure serving you.

*Customer Service Department*

Customer Service Department

PROP *010000400012B2930271504D1*          900000914105065  072    010    CA

Information as of
January 29, 2008          EP2

**state Insurance Company**

# AMENDED
# Landlords Package
# Policy Declarations

## Summary

**NAMED INSURED(S)**
Jake and Evelyn Sasser
1727 Dakota Street
San Francisco CA 94124-2326

**YOUR ALLSTATE AGENT IS:**
Russ Nott
330 Townsend St #108
San Francisco CA 94107

**CONTACT YOUR AGENT AT:**
(415) 644-9791

**POLICY NUMBER**
9 14 105086 03/13

**POLICY PERIOD**
Begins on Mar. 13, 2007
at 12:01 a.m. Pacific Time
and continues until cancelled

**PREMIUM PERIOD**
Mar. 13, 2007 to Mar. 13, 2008
at 12:01 a.m. Pacific Time

**LOCATION OF PROPERTY INSURED**
7921 Holly Street, Oakland, CA 94621-2343

## Total Premium for the Premium Period  (Your bill will be mailed separately)

| | |
|---|---|
| Premium for Property Insured | $655.00 |
| **TOTAL** | **$655.00** |

See the Important Payment and Coverage Information section for details about payment options and installment fees.

The portion of the total premium shown above that is attributable to coverage for losses caused by "acts of terrorism" to which the federal Program established by the "Terrorism Risk Insurance Act" applies is $0.00. SEE THE ENCLOSED "POLICYHOLDER DISCLOSURE NOTICE OF TERRORISM INSURANCE COVERAGE" – AP3037-1.

Your policy change(s) are effective as of Jan. 29, 2008  *LOSS 5/15/2007*

# Allstate Insurance Company

Policy Number:   9 14 195866 83/13      Your Agent:   Ross Noll  (415) 644-9791
For Premium Period Beginning:   Mar. 13, 2007

## POLICY COVERAGES AND LIMITS OF LIABILITY

| COVERAGE AND APPLICABLE DEDUCTIBLES (See Policy for Applicable Terms, Conditions and Exclusions) | LIMITS OF LIABILITY | |
|---|---|---|
| Dwelling Protection<br>• $500   All Peril Deductible Applies | $184,000 | |
| Other Structures Protection<br>• $500   All Peril Deductible Applies | $18,400 | |
| Personal Property Protection - Reimbursement Provision<br>• $500   All Peril Deductible Applies | $9,200 | |
| Fair Rental Income Protection | Refer to Policy | |
| Liability Protection | $300,000 | each occurrence |
| Premises Medical Protection | $1,000 | each person |
| Fire Department Charges | $500 | |
| Building Codes | $18,400 | |

The limit of liability for this structure (Coverage A-Dwelling Protection) is based on an estimate of the cost to rebuild your home, including an approximate cost for labor and materials in your area, and specific information that you have provided about your home.

This policy does not cover earth movement including earthquake

You have elected not to purchase a CEA earthquake policy

## DISCOUNTS    Your premium reflects the following discounts on applicable coverage(s):
Protective Device                              5 %

## RATING INFORMATION
The dwelling is of Frame construction and is occupied by  1 family

Information as of
January 29, 2008                    **Page 2**
                                    CA072AA/B

# ...state Insurance Company

Policy Number:   9 14 185066 02/13   Your Agent:   Ross Nett (415) 644-6791
For Premium Period Beginning:   Mar. 13, 2007

## Your Policy Documents

Your Landlords Package policy consists of this Policy Declarations and the documents listed below.  Please keep these together:

- Landlords Package Policy form AP529
- California Std Fire Policy Prov. End form AP1862-1
- Notice of Terrorism Insurance Cov. form AP3337-1
- California LPP Amendatory End. form AP1023-3
- CA Landlords Pkg Policy Amend End form AP2305

## Important Payment and Coverage Information

The property insurance adjustment condition applies using the Boeckh Publications Building Cost Index developed by The American Appraisal Associates, Inc.

Please note: This is not a request for payment.  Any adjustments to your premium will be reflected on your next scheduled bill which will be mailed separately.

In the meantime, if you have any outstanding or unpaid bills, please pay at least the minimum amount due to assure your policy continues in force.  If you have any questions, please contact your agent.

Payment Options — Choose the payment option that best meets your needs.  Your bill will be sent to you shortly and will contain more details about these options.

Option 1 — You can pay your premium in full. The "To Pay In Full" amount will be shown on your bill.

Option 2 — You can pay the Minimum Amount Due shown on your bill. If you choose this option, you will be sent a bill each month and the Minimum Amount Due will include a $3.50 installment fee for each monthly payment (the monthly installment fee is $1.00 for the Allstate Easy Pay Plan).

Option 3 — You can pay less than the full amount but more than the Minimum Amount Due. You will be charged a $3.50 installment fee each time you choose this payment option (the monthly installment fee is $1.00 for the Allstate Easy Pay Plan).

Please note that the Allstate Easy Pay Plan allows you to have your insurance payments automatically deducted from your checking or savings account.

IN WITNESS WHEREOF, Allstate has caused this policy to be signed by two of its officers at Northbrook, Illinois, and if required by state law, this policy shall not be binding unless countersigned on the Policy Declarations by an authorized agent of Allstate.

Edward M. Liddy
President

Robert W. Pike
Secretary

PROP  *010606480012852097150403*

Page 3

## tate Insurance Company

cy Number: 9 14 105058 05/13    Your Agent:   Russ Nutt   (415) 644-9791
Premium Period Beginning:   Mar. 13, 2007

# Policy Endorsement

*The following endorsement changes your policy. Please read this document carefully and keep it with your policy.*

## POLICYHOLDER DISCLOSURE
## NOTICE OF TERRORISM INSURANCE COVERAGE – AP3337-1

The federal "Terrorism Risk Insurance Act" (the federal Act), as extended on December 22, 2005, establishes a temporary federal Program (the federal Program) providing for a system of shared public and private compensation for certain insured commercial property and casualty losses resulting from "acts of terrorism," as defined in the federal Act.

The federal Act defines an "act of terrorism" as an act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State, and the Attorney General of the United States, to be an act of terrorism; to be a violent act or an act that is dangerous to human life, property, or infrastructure; to have resulted in damage within the United States, or outside of the United States in the case of certain air carriers or vessels or the premises of a United States mission; and to have been committed by an individual or individuals acting on behalf of any foreign person or foreign interest, as a part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

Your insurance coverage includes coverage for losses caused by "acts of terrorism" to which the federal Program applies. This coverage is subject to all other terms, conditions, limitations and exclusions of your policy.

### DISCLOSURE OF FEDERAL SHARE OF COMPENSATION FOR INSURED LOSSES
Insured losses caused by "acts of terrorism" to which the federal Program applies would be partially reimbursed by the United States of America under a formula established by the federal Act. Under that formula, the United States of America pays 90 percent (85 percent in 2007) of covered terrorism losses exceeding the statutorily established deductible paid by the insurance company providing the coverage.

### DISCLOSURE OF PREMIUM
The portion of your annual premium that is attributable to coverage for losses caused by "acts of terrorism" to which the federal Program applies is $0.00.

PROP *01000040001283300571504404*

McCray, Ivy
829 - 61st Street
Oakland, CA  94608

## Superior Court of California, County of Alameda

Sasser

**Plaintiff/Petitioner(s)**

vs.

Allstate Insurance

**Defendant/Respondent(s)**
(Abbreviated Title)

No. RG08386735

**NOTICE OF CASE MANAGEMENT
CONFERENCE AND ORDER**
Unlimited Jurisdiction

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.**
Notice is given that a Case Management Conference has been scheduled as follows:

| | | |
|---|---|---|
| Date: 10/03/2008<br>Time: 10:45 AM | Department: 30<br>Location: U.S. Post Office Building<br>Second Floor<br>201 13th Street, Oakland  CA 94612<br><br>Internet: **http://www.alameda.courts.ca.gov** | Judge:  **Kenneth Mark Burr**<br>Clerk:  **Kathy McKean**<br>Clerk telephone:  **(510) 268-5104**<br>E-mail:<br>Dept.30@alameda.courts.ca.gov<br>Fax:  **(510) 267-1510** |

### ORDERS

I.  You must:
    a.  Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
    b.  Give notice of this conference to any party not included in this notice and file proof of service;
    c.  Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
    d.  File and serve a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)

2.  If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3.  You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4.  The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
    a.  Referring to ADR and setting an ADR completion date
    b.  Dismissing or severing claims or parties
    c.  Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/13/2008.

By        _____

                                     Deputy Clerk

## Superior Court of California, County of Alameda



### Notice of Judicial Assignment for All Purposes

Case Number: RG08386735
Case Title:    Sasser VS Allstate Insurance
Date of Filing: 05/09/2008

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

This case is hereby assigned for all purposes to:

| | |
|---|---|
| **Judge:** | **Kenneth Mark Burr** |
| **Department:** | **30** |
| **Address:** | **U.S. Post Office Building** |
| | **201 13th Street** |
| | **Oakland CA 94612** |
| **Phone Number:** | **(510) 268-5104** |
| **Fax Number:** | **(510) 267-1510** |
| **Email Address:** | **Dept.30@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law. (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

### General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Kenneth Mark Burr
DEPARTMENT 30

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.

A courtesy copy of all filed briefs must be delivered directly to Department 30.

### Schedule for Department 30

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held:  Court Trials: Mondays through Thursdays at 9:45 a.m.
- Jury Trials: Mondays through Thursdays at 9:45 a.m.
- Master Trial Calendar: Fridays at 9:30 a.m.
- Case Management Conferences are held:  Initial Case Management Conferences: Fridays at 9:15 a.m., 9:45 a.m., 10:45 a.m. and 11:15 a.m.
- Case Management Conference Continuances: Mondays through Thursdays at.9:15 a.m.
- Law and Motion matters are heard:  Tuesdays and Wednesdays at 9:30 a.m.
- Settlement Conferences are heard:  Fridays at 9:30 a.m., 10:00 a.m. and 10:30 a.m.
- Ex Parte matters are heard:  Tuesdays and Thursdays at 9:00 a.m.
- For time-sensitive emergency applications, contact the Court by email to receive instructions on when the matter may be heard.

### Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:        Dept.30@alameda.courts.ca.gov

  Reservations by email only.

- Ex Parte Matters
  Email:        Dept.30@alameda.courts.ca.gov

  Reservations by email only.

### Tentative Rulings

The court will issue tentative rulings in accordance with the Local Rules.  Tentative rulings

will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 30
- Phone: 1-866-223-2244


Dated: 05/12/2008

Executive Officer / Clerk of the Superior Court

By     _digital_

_____
Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/13/2008

By     _digital_

_____
Deputy Clerk

1  CYNTHIA L. MELLEMA (State Bar No. 122798)
   MEGAN L. DUNHAM (State Bar No. 245991)
2  SONNENSCHEIN NATH & ROSENTHAL LLP
   2121 N California Blvd., Suite 800
3  Walnut Creek, CA 94596
   Telephone: (925) 949-2600
4  Facsimile: (925) 949-2610
   Email:    cmellema@sonnenschein.com
5            mdunham@sonnenschein.com

6  Attorneys for Defendants
   ALLSTATE INSURANCE COMPANY,
7  STAN EISEN AND RUSS NOTT

8

                    SUPERIOR COURT OF CALIFORNIA
9
                       COUNTY OF ALAMEDA
10

11  JAKE SASSER, EVELYN SASSER           No. RG 08386735

12           Plaintiffs,                 DEFENDANT ALLSTATE INSURANCE
                                         COMPANY'S ANSWER TO PLAINTIFFS'
13      vs.                              COMPLAINT

14  ALLSTATE INSURANCE COMPANY,
    STAN EISEN, RUSS NOTT
15  and DOES 1 through 200, inclusive,

16           Defendants.

17

18      Defendant Allstate Insurance Company ("Allstate") hereby answers the Complaint of

19  plaintiffs Jake Sasser and Evelyn Sasser (the "Complaint") as follows:

20                              GENERAL DENIAL

21      Pursuant to Code of Civil Procedure section 431.30(d), Allstate generally denies the

22  material allegations of plaintiffs' Complaint, and each cause of action against Allstate contained

23  therein. Further, Allstate denies that plaintiffs have suffered any damages as alleged in the

24  Complaint, or in any amount or at all, due to any act, error or omission of Allstate.

25  / / /

26  / / /

27  / / /

28  / / /

No. RG 08386735                          1                    ALLSTATE'S ANSWER TO.
                                                              PLAINTIFFS' COMPLAINT

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 NORTH CALIFORNIA BLVD., SUITE 800
WALNUT CREEK, CALIFORNIA 94596-7342
(925) 949-2600

### AFFIRMATIVE DEFENSES

(Applicable To All Causes of Action)

### First Defense

### (Failure to State a Cause of Action)

The Complaint, and each and every purported cause of action therein, fails to state facts sufficient to constitute a cause of action against Allstate.

### Second Defense

### (Waiver)

The Complaint, and each and every purported cause of action therein, is barred against Allstate by the doctrine of waiver.

### Third Defense

### (Estoppel)

The Complaint, and each and every purported cause of action therein, is barred against Allstate by the doctrine of estoppel.

### Fourth Defense

### (Laches)

The Complaint, and each and every purported cause of action therein, is barred against Allstate by the doctrine of laches.

### Fifth Defense

### (Unclean Hands)

The Complaint, and each and every purported cause of action therein, is barred against Allstate by the doctrine of unclean hands.

### Sixth Defense

### (Fault of Others)

Plaintiffs' damages, the fact and extent of which Allstate denies, were either wholly or partially caused by and/or contributed to by the fault of others, whether that fault be the proximate result of intentional conduct, negligence, breach of contract, or any other type of fault, of persons, firms, corporations or entities other than Allstate, for which Allstate is not

2

ALLSTATE'S ANSWER TO
PLAINTIFFS' COMPLAINT

1    responsible.  Such intentional conduct, negligence or fault bars recovery against Allstate or

2    comparatively reduces the percentage of fault or negligence, if any, of Allstate.

### Seventh Defense

### (Active Fault of Plaintiffs)

5        The Complaint, and each and every purported cause of action in the Complaint, is barred

6    by the active fault of plaintiffs.

### Eighth Defense

### (Comparative Fault)

9        The Complaint, and each and every purported cause of action in the Complaint, is barred

10   and/or plaintiffs' recovery is reduced because plaintiffs' alleged damages were the result of

11   plaintiffs' comparative fault.

### Ninth Defense

### (No Causation)

14       Plaintiffs are not entitled to relief from Allstate because they have not sustained any

15   injury, damage or loss by reason of any conduct, act, error or omission on Allstate's part.

### Tenth Defense

### (Intervening Cause)

18       Plaintiffs' damages, the fact and extent of which Allstate denies, were proximately

19   caused by intervening, superseding and/or supervening acts for which Allstate has no liability.

### Eleventh Defense

### (Mitigation of Damages)

22       Plaintiffs' recovery against Allstate, if any, is barred and/or limited to the extent

23   plaintiffs have failed to mitigate, minimize or avoid any damages they have allegedly suffered.

### Twelfth Defense

### (Speculative Nature of Damages)

26       Plaintiffs are not entitled to judgment because their damages claims are speculative.

27   ///

28   ///

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 NORTH CALIFORNIA BLVD., SUITE 800
WALNUT CREEK, CALIFORNIA 94596-7342
(925) 949-2600

3

No. RG 08386735

ALLSTATE'S ANSWER TO
PLAINTIFFS' COMPLAINT

1

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 NORTH CALIFORNIA BLVD., SUITE 800
WALNUT CREEK, CALIFORNIA 94596-7342
(925) 949-2600

**Thirteenth Defense**

**(Election of Remedies)**

To the extent Plaintiffs have elected to pursue a certain remedy, they are barred from pursuing or recovering under any other remedy under the doctrine of election of remedies.

**Fourteenth Defense**

**(Appraisal)**

Plaintiffs' claim for policy benefits is subject in whole or in part to appraisal under the subject insurance policy.

**Fifteenth Defense**

**(Privilege)**

Allstate's alleged acts, conduct and/or omissions were lawful, privileged and/or justified.

**Sixteenth Defense**

**(Accord and Satisfaction)**

The Complaint, and each and every purported cause of action therein, is barred by the doctrine of accord and satisfaction.

**Seventeenth Defense**

**(Ratification of Conduct)**

With full knowledge of all facts in any way connected with or relating to the matters alleged in the Complaint, plaintiffs duly ratified, acquiesced and/or confirmed in all respects the conduct and/or omissions of Allstate alleged in the Complaint.

**Eighteenth Defense**

**(Assumption of Risk)**

Plaintiffs knew, or in the exercise of reasonable care should have known, the risks of the matters alleged in the Complaint. Plaintiffs knowingly and voluntarily assumed and accepted such risks, and any damages allegedly suffered by plaintiffs were the proximate result of plaintiffs' assumptions and acceptance of such risks.

///

///

4

No. RG 08386735

ALLSTATE'S ANSWER TO
PLAINTIFFS' COMPLAINT

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 NORTH CALIFORNIA BLVD., SUITE 800
WALNUT CREEK, CALIFORNIA 94596-7342
(925) 949-2600

### Nineteenth Defense

#### (Consent and/or Authorization of Plaintiffs)

Plaintiffs consented to and/or authorized all conduct and/or omissions of Allstate alleged in the Complaint.

### Twentieth Defense

#### (No Coverage for Claimed Losses)

The Complaint, and each and every purported cause of action therein, is barred to the extent that it seeks payment, reimbursement, contribution, or indemnification for, or is based on, a loss that is not covered by, or is excluded from, coverage under the terms, exclusions, conditions and limitations of the subject insurance policy.

### Twenty-First Defense

#### (No Coverage for Losses Consisting of or Caused by Vandalism)

The Complaint, and each and every purported cause of action therein, is barred to the extent that it seeks payment, reimbursement, contribution, or indemnification for, or is based on, a loss that is excluded from coverage under the subject insurance policy provision, which states:

*Losses We Do Not Cover Under Coverages A and B*:

We do not cover loss to the property described in **Coverage A — Dwelling Protection or Other Structures Protection** consisting of or caused by:

20. **Vandalism.** However, **we** do cover sudden and accidental direct physical loss caused by fire resulting from **vandalism** unless your **dwelling** has been vacant or unoccupied for more than 90 consecutive days immediately prior to the **vandalism**.

### Twenty-Second Defense

#### (Allstate's Compliance With Obligations)

Allstate fully performed all obligations, both express and implied, if any, owed to plaintiffs under the subject insurance policy and applicable law.

///

///

///

5

No. RG 08386735

ALLSTATE'S ANSWER TO
PLAINTIFFS' COMPLAINT

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 NORTH CALIFORNIA BLVD., SUITE 800
WALNUT CREEK, CALIFORNIA 94596-7342
(925) 949-2600

1

### Twenty-Third Defense

2

### (Plaintiffs' Failure to Comply With Policy Terms)

3     The Complaint is barred to the extent the Plaintiffs have failed to perform all of their

4  obligations under the subject insurance policy, including their duty to cooperate with Allstate in

5  the processing of claims and to document and substantiate their claimed losses.

6

### Twenty-Fourth Defense

7

### (Obligations Limited to Policy Terms)

8     Allstate's obligations, if any, to plaintiffs are governed and limited by the terms,

9  definitions, exclusions, conditions, and limitations contained in the subject insurance policy.

10

### Twenty-Fifth Defense

11

### (Policy Limits)

12     The subject insurance policy provides coverage, if at all, only to the extent of the limits

13  of liability listed on its declaration page.

14

### Twenty-Sixth Defense

15

### (Statute of Limitations)

16     The Complaint is barred by the applicable statutes of limitations, including, but not

17  limited to, California Code of Civil Procedure section 337(1), 337(2), 338(a), (b), (d) and/or (j),

18  339, 340, 340.6, 340.8 and 343, and Insurance Code sections 2070 and/or 2071.

19

### Twenty-Seventh Defense

20

### (Contractual Limitations Period)

21     The subject insurance policy requires that any suit or action be brought within one (1)

22  year after the date of loss.  The statute is tolled from the date of tender to the date of denial.

23  *Prudential-LMI Com. Ins. v. Sup. Ct.*, 51 Cal. 3d 674 (1990); Cal. Ins. Code § 2071.  Plaintiffs

24  are barred from recovery if they failed to bring this action within the one year contractual

25  limitations period.

26

### Twenty-Eighth Defense

27

### (Reasonableness of Allstate)

28     Allstate's conduct was at all times reasonable and not tortious.

6

No. RG 08386735

ALLSTATE'S ANSWER TO
PLAINTIFFS' COMPLAINT

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 NORTH CALIFORNIA BLVD., SUITE 800
WALNUT CREEK, CALIFORNIA 94596-7342
(925) 949-2600

### Twenty-Ninth Defense

### (Plaintiffs' Claim Raised Genuine Issues)

Plaintiffs should take nothing pursuant to the Complaint because their claims to Allstate raised genuine issues and/or disputes as to Allstate's duties, if any, under the subject insurance policy at issue in the Complaint, and Allstate's belief in the validity of these issues and/or disputes was reasonable.

### Thirtieth Defense

### (No Punitive or Non-Compensatory Damages)

The Complaint fails to state facts sufficient to entitle plaintiffs to punitive damages.

### Thirty-First Defense

### (Unconstitutionality of Punitive Damages)

Plaintiffs' claim for punitive damages is barred because the California punitive damages statute is unconstitutional in that, among other things, it is void for vagueness, violates the equal protection clause, violates the due process clause, is an undue burden on interstate commerce, violates the contract clause, and violates the Eighth Amendment proscription against excessive fines pursuant to the United States and California Constitutions.

### Thirty-Second Defense

### (No Entitlement to Attorneys' Fees)

Plaintiffs are precluded from recovering attorneys' fees and costs from Allstate under applicable provisions of the law.

### Thirty-Third Defense

### (Right To Assert Additional Defenses)

Allstate reserves the right to amend this Answer and to assert any additional defenses in the future after conducting discovery.

WHEREFORE, Allstate prays for judgment as follows:

1. That Plaintiffs take nothing by way of their Complaint;

2. That the Complaint be dismissed with prejudice and judgment entered in favor of Allstate; and

No. RG 08386735

ALLSTATE'S ANSWER TO
PLAINTIFFS' COMPLAINT

1         3.   For such other and further relief as this Court deems just and proper.

2    Dated:  August 6, 2008               Respectfully submitted,

3                           SONNENSCHEIN NATH & ROSENTHAL LLP

4

5                           By

6                                  Megan L. Dunham

7                           Attorneys for Defendant
                            ALLSTATE INSURANCE COMPANY

8

9    27304536\V-1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 NORTH CALIFORNIA BLVD., SUITE 800
WALNUT CREEK, CALIFORNIA 94596-7342
(925) 949-2600

8

No. RG 08386735                               ALLSTATE'S ANSWER TO
                                               PLAINTIFFS' COMPLAINT

1

PROOF OF SERVICE

2        I, Gloria Courtney, hereby declare:

3        I am employed in the City of Walnut Creek, and in the County of Contra Costa, California,

4   in the office of a member of the bar of this court, at whose direction the following service was

5   made.  I am over the age of eighteen years and not a party to the within action.  My business

6   address is Sonnenschein, Nath & Rosenthal, LLP, 2121 North California Blvd., Suite 800,

7   Walnut Creek, California 94596-7342.

8        On August 6, 2008, I caused to be served on the interested parties in this action the

9   following document(s):

10                  **DEFENDANT ALLSTATE INSURANCE COMPANY'S**

11                  **ANSWER TO PLAINTIFFS' COMPLAINT**

12   by placing a true copy(ies) thereof, on the above date, enclosed in a sealed envelope, following

13   the ordinary business practice of Sonnenschein Nath & Rosenthal LLP, as follows:

14   Ivy McCray, Esq.                           Attorneys for Plaintiffs
     Law Offices of Ivy McCray                  JAKE SASSER, EVELYN SASSER
15   829 - 61st Street
     Oakland, CA  94608
16   Telephone:  510-653-4900
     Facsimile:  510-450-0891
17

18   ☒    U.S. MAIL:  I am personally and readily familiar with the business practice of Sonnenschein
     Nath & Rosenthal LLP for collection and processing of correspondence for mailing with the United
19   States Postal Service, pursuant to which mail placed for collection at designated stations in the ordinary
     course of business is deposited the same day, proper postage prepaid, with the United States Postal
20   Service.

21        I declare under penalty of perjury under the laws of the State of California that the

22   foregoing is true and correct, and that this declaration was executed on August 6, 2008, at

23   Walnut Creek, California.

24

25                                          _Gloria Courtney_
                                             Gloria Courtney
26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. CALIFORNIA BLVD., SUITE 800
WALNUT CREEK, CA 94596-7342
(925) 949-2600

**EXHIBIT B**

# Incident Report

2007-0027374 -000

Oakland Fire Department

| Basic | |
|---|---|
| Alarm Date and Time | 01:16:03   Thursday, May 10, 2007 |
| Arrival Time | 01:16:19 |
| Controlled Date and Time | |
| Last Unit Cleared Date and Time | 03:26:22   Thursday, May 10, 2007 |
| Response Time | 0:00:16 |
| Priority Response | Yes |
| Completed | Yes |
| Release to Public | Yes |
| Fire Department Station | ST20 |
| Shift | B |
| Incident Type | 111 - Building fire |
| Initial Dispatch Code | 1 |
| Aid Given or Received | N - None |
| Action Taken 1 | 11 - Extinguish |
| Apparatus - Suppression | 5 |
| Personnel - Suppression Personnel | 4 |
| Property Loss | $75,000.00 |
| Contents Loss | $0.00 |
| Property Value | $75,000.00 |
| Contents Value | $0.00 |
| Detector Alerted occupants | 20 |
| Property Use | 419 - 1 or 2 family dwelling |
| Location Type | Address |
| Address | 7921 HOLLY ST |
| City, State Zip | OAKLAND, CA 94603 |
| Directions | 7921 HOLLY ST |
| Map Page | 670-3H |

| Fire | |
|---|---|
| Structure Type | 1 - Enclosed building |
| Number of Residential | 1 |
| Area of Origin | 21 - Bedroom - < 5 persons; included are jail or prison |
| Heat Source | UU - Undetermined |
| Item First Ignited | UU - Undetermined |
| Type of Material | 60 - Wood or paper, processed, other |
| Cause of Ignition | U - Cause undetermined after investigation |
| Contribution To Ignition 1 | UU - Undetermined |
| Human Factors | None |

| Authority | |
|---|---|
| Reported By | 5098 - Brue, David |
| | 21:44:36   Saturday, June 2, 2007 |
| Officer In Charge | |
| Reviewer | |

Printed: 06/13/2007 08:59:24

## Incident Report
### 2007-0027374 -000

Oakland Fire Department

| Narratives | |
|---|---|
| Narrative Name | CAD Narrative |
| Narrative Type | CAD Narrative |
| Author | -. |
| Narrative Text | Cad Incident 0027374 ( FOF070510027374 ) [Type: STRUCTURE FIRE   [Disp: CF   [Operator: BRISCOE, DAPHNE M    [Priority: 3    [Comments:***ALL RESPONSE ON OAK I*** 3 OR MORE UNITS WILL BE ASSIGNED CHANNEL |

**STRUCTURE FIRE**
CONFIRMING STILLS
IC/SINGLE STORY RESIDENTIAL FLAMES SHOWING FROM FRONT/HOLLY
CMD
E2560/TAKING LEAD

| | |
|---|---|
| Narrative Name | 2560 |
| Narrative Type | Incident |
| Narrative Date | 03:45:33    Thursday, May 10, 2007 |
| Author | 2544 - Torres, Dino R |
| Author Rank | CPT |
| Author Assignment | l |
| Narrative Text | Responded for a structure fire and found a working fire in the A/D side. 2560 performed forceable entry to the lock fence and front door. 2560 was assigned fire attack and overhaul. |

End of Report