CYNTHIA MELLEMA (State Bar No. 122798)
MEGAN DUNHAM (State Bar No. 245991)
SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. California Blvd., Suite 800
Walnut Creek, California 94596
Telephone: (925) 949-2600
Facsimile:  (925) 949-2610
Email:       cmellema@sonnenschein.com
                 mdunham@sonnenschein.com

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY,
STAN EISEN and RUSS NOTT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| JAKE SASSER, EVELYN SASSER,<br><br>         Plaintiffs,<br><br>    vs.<br><br>ALLSTATE INSURANCE COMPANY,<br>STAN EISEN, RUSS NOTT AND DOES 1<br>through 200, inclusive,<br><br>         Defendants. | No. C 08-03793 SI<br><br>NOTICE TO PLAINTIFFS THAT<br>ACTION HAS BEEN REMOVED TO<br>FEDERAL COURT |

TO PLAINTIFFS AND THEIR ATTORNEY OF RECORD:

NOTICE IS HEREBY GIVEN that, pursuant to 28 U.S.C. sections 1332, 1441(a), and 1446, this action has been removed to the United States District Court for the Northern District of California.  Copies of the Notice Of Removal Of Civil Action filed in the District Court and the Notice That Action Has Been Removed filed in the Superior Court of California for the County of San Mateo, are attached (without their exhibits) as Exhibit "1."

All further proceedings in this action shall take place before the United States District Court for the Northern District of California.

-1-
CASE NO. C 08-03793 SI                                                         NOTICE TO PLAINTIFFS THAT
                                                                                              ACTION HAS BEEN REMOVED

Dated:  August 12, 2008                    SONNENSCHEIN NATH & ROSENTHAL LLP

By  _____*/s/ MEGAN DUNHAM*_____
                    MEGAN DUNHAM

Attorneys for Defendants
ALLSTATE INSURANCE COMPANY,
STAN EISEN and RUSS NOTT

27305240\V-1

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. CALIFORNIA BLVD., SUITE 800
WALNUT CREEK, CALIFORNIA 94596
(925) 949-2600

**EXHIBIT 1**

1  CYNTHIA MELLEMA (State Bar No. 122798)
   MEGAN DUNHAM (State Bar No. 245991)
2  SONNENSCHEIN NATH & ROSENTHAL LLP
   2121 N. California Blvd., Suite 800
3  Walnut Creek, California 94596
   Telephone: (925) 949-2600
4  Facsimile: (925) 949-2610
   Email:     cmellema@sonnenschein.com
5              mdunham@sonnenschein.com

6  Attorneys for Defendant
   ALLSTATE INSURANCE COMPANY
7



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

JAKE SASSER, EVELYN SASSER,    CV No. 08    3793

   Plaintiffs,                 NOTICE OF REMOVAL OF A CIVIL
                               ACTION
   vs.

ALLSTATE INSURANCE COMPANY,
STAN EISEN, RUSS NOTT AND DOES 1
through 200, inclusive,

   Defendants.

BY FAX

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. section 1441(a), defendant Allstate Insurance Company hereby removes to this Court the action described herein and respectfully submits the following statement of grounds for removal:

-1-

Case No. _____                                          NOTICE OF REMOVAL

## THE SUPERIOR COURT ACTION

1.  On May 9, 2008, an action was commenced in the Superior Court of the State of California for the County of Alameda, entitled "*Jake Sasser, Evelyn Sasser v. Allstate Insurance Company, Stan Eisen, Russ Nott and Does 1 through 200,*" Case No. RG 08386735 (the "Superior Court Action").

2.  In the Superior Court Action, plaintiffs seek damages on account of Allstate's alleged improper failure to pay following a May 12, 2007 fire loss. (Complaint, ¶ 10.) Allstate allegedly insured a home owned by plaintiffs located at 7921 Holly Street in Oakland, California (the "home") under Landlords Package Policy number 9 14 105066 (the "Policy"). (*Id.* at ¶ 15.) According to the Complaint, plaintiffs claim Allstate wrongfully denied coverage under the Policy for damages as a result of their fire loss. Specifically, plaintiffs allege Allstate denied their claim based on "additional clauses to the policy which were never provided in the original policy sent to them in January 2007." (*Id.* at ¶ 10.)

3.  On the basis of these allegations, plaintiffs sue Allstate, Stan Eisen and Russ Nott for: "breach of contract," "negligence," "bad faith," intentional infliction of emotional distress" and "negligent infliction of emotional distress." Plaintiffs seek compensatory, general and punitive damages, attorneys' fees, prejudgment interest and costs of suit.

## SERVICE

4.  Allstate is informed and believes the Summons and Complaint in the Superior Court Action were personally served on Allstate on or about July 10, 2008 by service on the CT Corporation. Attached hereto as Exhibit A are true and correct copies of the Summons, Complaint, Superior Court documents served with the Complaint and Allstate's Answer, which Allstate believes constitute all pleadings on file in the Superior Court Action.

5.  Allstate is informed and believes that the Summons and Complaint in the Superior Court Action were never personally served on Stan Eisen.

6.  Allstate is informed and believes that Russ Nott has not been personally served.

///

///

JURISDICTION

7. Plaintiffs were, at the time of filing of the Superior Court Action, now are, and at all relevant times have been, citizens and residents of the State of California. (Compl., ¶ 2.)

8. Defendant Allstate was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in the city of Northbrook, Illinois. *See Griffin v. Allstate Ins. Co.*, 1995 U.S. Dist. LEXIS 11126 (C.D. Cal. Aug. 1, 1995) (recognizing that Allstate Insurance Company is incorporated in and has its principal place of business in Illinois); *Farrugia v. Allstate Ins. Co.*, 2007 U.S. Dist. LEXIS 22628 (N.D. Cal. Mar. 8, 2007) (accord); *see also* Cal. Department of Insurance, available at http://www.insurance.ca.gov (last visited Aug. 7, 2008) (Allstate Insurance Company's profile on file with the California Department of Insurance showing that it is a citizen and residence of Northbrook, Illinois).

9. Plaintiffs and Allstate, accordingly, are citizens and residents of different states.

THE FRAUDULENT JOINDER OF CALIFORNIA RESIDENTS

10. In addition to asserting causes of action against Allstate, plaintiffs purport to sue two individual defendants, Stan Eisen and Russ Nott. As set forth below, plaintiffs' joinder of Mr. Eisen and Mr. Nott is fraudulent and designed to attempt to prevent the removal of the Superior Court Action to this Court, where it properly belongs, by the assertion of a sham claim against resident defendants. In such a circumstance, a federal court will disregard the sham party for purposes of determining whether diversity jurisdiction exists.

11. The Complaint does not allege any specific actions taken by Mr. Nott. Instead, the complaint merely alleges Mr. Nott was an Allstate agent and, 'in doing the things herein alleged, was acting in the scope of such agency and with the permission and consent of defendant Allstate." (Compl., ¶ 5.) At the time plaintiffs purchased their landlord package policy, Mr. Nott was an agent of Allstate, and his dealings with plaintiffs all occurred in the course and scope of that agency.

12. Plaintiffs' Complaint against Mr. Nott, a putative resident defendant, purports to assert causes of action for breach of contract, negligence, breach of the implied covenant of

1   good faith and fair dealing, intentional infliction of emotional distress and negligent infliction of
2   emotional distress. The Complaint fails to state any claim for relief against this defendant.
3   Because Mr. Nott allegedly acted at all times as an agent and representative of Allstate, he
4   cannot be personally liable under such a theory. *See, e.g., Lippert v. Bailey*, 241 Cal. App. 2d
5   376, 382 (1960) (insurance agents acting for a disclosed principal could not be held personally
6   liable for acts committed in scope of employment); *Mercado v. Allstate Ins. Co.*, 340 F.3d 824,
7   826 (9th Cir. 2003) ("It is well established that, unless an agent or employee acts as a dual agent
8   . . . she cannot be held individually liable as a defendant unless she acts for her own personal
9   advantage"); *Meisel v. Allstate Ins. Co.*, 357 F. Supp. 2d 1222, 1226-1227 (E.D. Cal. 2005)
10  (dismissing Allstate agent as sham defendant under *Mercado*); *Good v. The Prudential Ins. Co.
11  of America*, 5 F. Supp. 2d 804, 808 (N.D. Cal. 1998) (because there was "no possibility" that,
12  under California law, plaintiff could state a cause of action for negligent misrepresentation or
13  fraud against defendant insurance agent, he was fraudulently joined); *Gasnik v. State Farm Ins.
14  Co.*, 825 F. Supp. 245, 249 (E.D. Cal. 1992) (defendant insurance agent was fraudulently joined
15  where "agent is duly constituted and names his principal and contracts in his name and does not
16  exceed his authority, the principal is responsible and not the agent."); *Charlin v. Allstate Ins.
17  Co.*, 19 F. Supp. 2d 1137, 1142 (C.D. Cal. 1998) (it is settled law that an insurance agent acting
18  within the course and scope of his employment cannot be held liable for damages resulting from
19  a negligent failure to insure); *Bennett v. Allstate Ins. Co.*, 753 F. Supp. 299, 302 (N.D. Cal.
20  1990) (finding removal was proper because plaintiff could not state a cause of action against
21  defendant insurance agent for fraud based on alleged misrepresentations contained in insurance
22  policy to which agent was not a party); *Griffin v. Allstate Ins. Co.*, 1995 U.S. Dist. LEXIS 11126
23  (C.D. Cal. 1995) (agent sued for bad faith and breach of fiduciary duty fraudulently joined
24  because, under California law, company is liable to insured for acts of agent within scope of
25  agency); *Kuebler v. Allstate Ins. Co.*, 1998 WL 596733, *3 (C.D. Cal. 1998) (dismissing claim
26  for negligent misrepresentation against insurer's agent acting within scope of employment);
27  *Duffy v. Allstate Ins. Co.*, 1997 WL 809639,*2-*3 (C.D. Cal. 1997) (dismissing claim for
28  negligent misrepresentation against insurer's agent who acted within scope of his agency).

13.    Nor does the Complaint allege any specific actions taken by Mr. Eisen. Instead the complaint merely alleges Mr. Eisen was an Allstate employee and, 'in doing the things herein alleged, was acting in the scope of such agency and with the permission and consent of defendant Allstate." (Compl., ¶ 4.)

14.    Plaintiffs' Complaint against Mr. Eisen, a putative resident defendant, purports to assert causes of action for breach of contract, negligence, breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress and negligent infliction of emotional distress. The Complaint fails to state any claim for relief against this defendant. Because Mr. Eisen allegedly acted at all times in his capacity as Allstate's employee, he cannot be personally liable under such a theory. *See, e.g., Icasiano v. Allstate Ins. Co.,* 103 F. Supp. 2d 1187, 1190 (N.D. Cal. 2002) (claim adjuster has no liability for allegedly fraudulent acts taken in the course and scope of her employment); *Moreno v. Allstate Ins. Co.,* 2002 WL 31133203, *2 (C.D. Cal. 2002) ("Because Munoz's alleged misrepresentations were undisputedly made in the course of his duties as an Allstate claims adjuster, Moreno may not hold Munoz individually liable on fraud or negligent misrepresentation theories."); *Cobarrubias v. Allstate Ins. Co.,* 1998 WL 656571, at *1 (C.D. Cal. 1998) (an insurance adjuster "cannot be held personally liable for damages resulting from acts committed in the course and scope of his or her employment").

15.    Because plaintiffs' purported claims against Mr. Nott and Mr. Eisen fail to state any legally sustainable cause of action, they were "fraudulently joined for diversity and removal purposes," and their presence is disregarded in determining jurisdiction. *See Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318-1320 (9th Cir. 1998); *Meisel,* 357 F. Supp. at 1226-1227; *Good,* 5 F. Supp. 2d at 808; *Icasiano,* 103 F. Supp. 2d at 1190. The only arguably-viable causes of action are against Allstate, a foreign defendant, and therefore the matter involves parties of diverse citizenship and residency.

## AMOUNT IN CONTROVERSY

16.    The amount in controversy in the Superior Court Action, exclusive of interest and costs, exceeds the $75,000 jurisdictional minimum.

17.    Allstate is informed and believes that the cost to repair the fire damage is at a

-5-

Case No. _____                                                                 NOTICE OF REMOVAL

minimum $75,000. According to the Oakland Fire Department Incident Report, the "property loss" is $75,000. Attached hereto as Exhibit B is a true and correct copy of the Oakland Fire Department Incident Report. Plaintiffs also seek to recover loss of use, rental income, sales proceeds and other economic and consequential damages. (Complaint, ¶ 25.)

18.  Additionally, plaintiffs seek to recover attorney's fees. (Complaint, prayer for relief, ¶ 8.) Attorneys' fees incurred to compel payment of insurance policy benefits unreasonably withheld are recoverable as an element of damages under *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985), and therefore must be included in calculating the amount of controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

19.  Plaintiffs also seek an undisclosed amount of punitive damages. (Complaint, prayer for relief, ¶ 7.) In calculating the amount in controversy, the Court must consider the punitive damages that may be recovered by plaintiffs if their claim for punitive damages should prevail. *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000).

<u>ORIGINAL JURISDICTION</u>

20.  The Superior Court Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, in that plaintiffs and Allstate are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

21.  The case is therefore one which Allstate may remove to this Court pursuant to 28 U.S.C. sections 1441 and 1446. The removal is effected less than thirty days after service of the Complaint in the Superior Court Action, in accordance with 28 U.S.C. section 1446(b).

WHEREFORE, Allstate hereby gives notice that this action has been removed, in its entirety, from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California, San Francisco Division for further proceedings as though it originally had been instituted herein.

///

///

///

Case No. _____    NOTICE OF REMOVAL

| | | |
|---|---|---|
| 1 | Dated: August 7, 2008 | SONNENSCHEIN NATH & ROSENTHAL LLP |
| 2 | | |
| 3 | | By _____ |
| 4 | | CYNTHIA L. MELLEMA |
| 5 | | Attorneys for Defendant<br>ALLSTATE INSURANCE COMPANY |
| 6 | 27303798\V-3 | |

CYNTHIA L. MELLEMA (State Bar No. 122798)
MEGAN L. DUNHAM (State Bar No. 245991)
SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N California Blvd., Suite 800
Walnut Creek, CA 94596
Telephone: (925) 949-2600
Facsimile: (925) 949-2610
Email:    cmellema@sonnenschein.com
          mdunham@sonnenschein.com

Attorneys for Defendants
ALLSTATE INSURANCE COMPANY,
STAN EISEN AND RUSS NOTT

ENDORSED
FILED
ALAMEDA COUNTY

AUG 1 1 2008

CLERK OF   SUPERIOR COURT
By____S. Halcrombe_____
                    Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| JAKE SASSER, EVELYN SASSER<br><br>Plaintiffs,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY,<br>STAN EISEN, RUSS NOTT<br>and DOES 1 through 200, inclusive,<br><br>Defendants. | No. RG 08386735<br><br>NOTICE TO STATE COURT THAT ACTION HAS BEEN REMOVED TO FEDERAL COURT |



TO THE CLERK OF THE ABOVE COURT:

On August 7, 2008, defendant Allstate Insurance Company removed this action to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. sections 1332, 1441(a), and 1446. A complete copy of the Notice Of Removal Of Civil Action (without exhibits) is attached hereto as Exhibit "A."

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. section 1446(d), filing the Notice Of Removal Of Civil Action in the United States District Court followed by filing this notice with this Court effected the removal of this action, and this Court may not proceed further unless and until the action is remanded.

| | | |
|---|---|---|
| 1 | Dated: August 11, 2008 | Respectfully submitted, |
| 2 | | SONNENSCHEIN NATH & ROSENTHAL LLP |

By /s/ Megan L. Dunham
　　　Megan L. Dunham

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

27305239\V-1

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 NORTH CALIFORNIA BLVD., SUITE 800
WALNUT CREEK, CALIFORNIA 94596-7342
(925) 949-2600

2
ALLSTATE INSURANCE COMPANY'S NOTICE TO STATE COURT OF REMOVAL