CYNTHIA MELLEMA (State Bar No. 122798)
MEGAN DUNHAM (State Bar No. 245991)
SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. California Blvd., Suite 800
Walnut Creek, California 94596
Telephone: (925) 949-2600
Facsimile:  (925) 949-2610
Email:    cmellema@sonnenschein.com
          mdunham@sonnenschein.com

Attorneys for Defendants
ALLSTATE INSURANCE COMPANY,
STAN EISEN and RUSS NOTT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| JAKE SASSER, EVELYN SASSER,<br><br>    Plaintiffs,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY, STAN EISEN, RUSS NOTT AND DOES 1 through 200, inclusive,<br><br>    Defendants. | No. C 08-03793 SI<br><br>DEFENDANTS STAN EISEN AND RUSS NOTT'S:<br><br>(1) NOTICE OF MOTION AND MOTION TO DISMISS; AND<br><br>(2) SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES<br><br>DATE:    October 10, 2008<br>TIME :    9:00 a.m.<br>PLACE:    Courtroom 10, 19th Floor<br>BEFORE:  Hon. Susan Illston |

## NOTICE OF MOTION AND MOTION

TO PLAINTIFFS AND THEIR ATTORNEY AND TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that on October 10, 2008 at 9:00 a.m. or as soon thereafter as counsel may be heard, in Courtroom 10, 19th Floor, of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue in San Francisco, California, defendants Stan Eisen and Russ Nott ("Defendants") will move, and hereby do move, to dismiss plaintiffs' complaint against them for failure to state a cognizable claim for relief. *See* Fed. R. Civ. P. 12(b)(6).

Defendants' motion will be and is based upon this notice, the following memorandum of points and authorities, all pleadings, records and documents on file herein, and such additional evidence and argument as may be properly introduced in support of the motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action arises from Allstate Insurance Company's (Allstate") alleged improper denial of coverage for plaintiffs Jake and Evelyn Sasser's claim for fire damage to their property. Plaintiffs originally sued in Alameda County Superior Court and Allstate removed the action under this Court's diversity jurisdiction.

As explained in Allstate's removal papers, plaintiffs' joinder of Allstate's sales agent, Russ Nott, and Allstate's claim adjuster, Stan Eisen, is a sham. No cause of action – whether in tort or in contract – can be stated against Mr. Nott as a fully disclosed agent or against Mr. Eisen as an employee of Allstate. As such, the complaint states no claim for relief against Mr. Nott or Mr. Eisen, who were included in this action merely in an attempt to defeat removal. Accordingly, by this motion, defendants ask the Court to dismiss Mr. Nott and Mr. Eisen with prejudice. Fed. Rule Civ. P. 12(b)(6).

## II. FACTUAL BACKGROUND

Plaintiffs commenced this action on May 9, 2008 in Alameda Superior Court. In their complaint, plaintiffs seek damages on account of Allstate's alleged denial of a first-party claim for damage to their residence sustained in a May 12, 2007 fire. According to the complaint, Allstate insured plaintiffs on the date of loss under a landlords package policy (the "Policy"), which insured plaintiffs' residence located at 7921 Holly Street in Oakland (the "residence"). (Complaint, ¶¶ 8, 15.)

In addition to asserting claims against Allstate, plaintiffs have sued one of its claim adjusters, Stan Eisen and one of its sales agents, Russ Nott. The complaint, however, fails to assert any specific allegations against Mr. Eisen or Mr. Nott. Instead, the complaint alleges that all defendants "breached the terms and provisions of the Allstate Insurance policy . . . by wrongfully refusing to pay for the damage to the structure caused by the fire." (Compl., ¶ 16.) In addition, it alleges the defendants "negligently failed to provide the Sassers with all provisions of the insurance policy" and "negligently failed to advised [sic], inform, or instruct the Sassers as to the insurance policy terms and limitations." (Compl., ¶ 23.) Plaintiffs do

admit, however, that Mr. Eisen and Mr. Nott "as [] agent[s] of defendant Allstate" were "acting in the scope of such agency and with the permission and consent of defendant Allstate." (Compl., ¶¶ 4, 5.) On the basis of these allegations, plaintiffs purport to assert five causes of action against Mr. Eisen and Mr. Nott: (1) "Breach of Contract," (2) "Negligence," (3) Breach of the Implied Covenant of Good Faith and Fair Dealing," (4) Intentional Infliction of Emotional Distress, and (5) Negligent Infliction of Emotional Distress."

## III. LEGAL ARGUMENT

This suit, brought by California residents, challenges a coverage denial by Allstate, an Illinois Corporation. The proper parties to that dispute are diverse.

While the complaint is less than clear as to why plaintiffs are suing Mr. Eisen and Mr. Nott, it appears plaintiffs are accusing them of "fail[ing] to provide the Sassers with all provisions of the insurance policy" and "fail[ing] to advise[], inform, or instruct the Sassers as to the insurance policy terms and limitations. (Compl., ¶ 23 a, b.) While plaintiffs may be entitled to assert such theories against Allstate, their allegations of individual liability against Mr. Eisen and Mr. Nott are legally unsupportable. As such, plaintiffs' assertion of claims against Mr. Eisen and Mr. Nott were fraudulent, and designed solely to prevent removal. For the following reasons, the Court should dismiss them from this action.

### A.   Mr. Eisen and Mr. Nott Were Not Parties To The Contract At Issue

Plaintiffs' first and third causes of action, for breach of contract and breach of the implied covenant of good faith and fair dealing, against Mr. Eisen and Mr. Nott seek damages for breach of the Policy. It is elementary, however, that Mr. Eisen and Mr. Nott cannot be liable on such a theory.

Here, plaintiffs have not alleged in their complaint that Mr. Eisen or Mr. Nott are parties to their insurance contract. Rather, plaintiffs admit that they are "agents of Allstate," and were, at all times, acting within the scope of their agency or employment. (Compl., at ¶¶ 4, 5, 20.) Accordingly, Mr. Eisen and Mr. Nott cannot be liable for breach of contract or tortious breach of contract because an insurer's agents and employees cannot have liability on either theory. Rather, such claims can only be brought against the *insurer*, who is in contract with the

policyholder. *See Gruenberg v. Aetna Ins. Co.,* 9 Cal. 3d 566, 576 (1973) (insurer's claims adjuster and attorneys "obviously" were "not parties to the agreements for insurance; therefore, they are not, as such, subject to an implied duty of good faith and fair dealing."); *Filippo Indus., Inc. v. Sun Ins. Co. of New York*, 74 Cal. App. 4th 1429, 1443 (1999) (agent cannot be held liable for breach of a duty which flows from a contract to which he is not a party).

California state and federal courts uniformly recognize insurance adjusters and agents are sham defendants in such cases. *See Minnesota Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 981 (9th Cir. 1999) (under California law, an insurance agent is not liable for breach of contract because he is not a party to the contract.); *Icasiano v. Allstate Ins. Co.*, 103 F. Supp. 2d 1187, 1189-90 (N.D. Cal. 2000) (claim adjuster acting in the scope of her employment was immune from suit brought by insured because insurer alone owed duty to administer claims); *Griffin v. Allstate Ins. Co.,* 920 F. Supp. 127, 131 (C.D. Cal. 1996) ("California law provides that an insurance agent . . . cannot be held liable for breach of contract . . . because he is not a party to the insurance contract."); *Bennett v. Allstate Ins. Co.,* 753 F. Supp. 299, 302 (N.D. Cal. 1990) (dismissing breach of contract claim on ground that insurance agents are not parties to insurance contracts); *Austero v. National Cas. Co. of Detroit*, 62 Cal. App. 3d 511, 515 (1976) ("[O]ne who is not a party to the underlying contract may not be held liable for breach of an implied covenant of good faith and fair dealing for as to him no such implied covenant exists.").

As alleged in the complaint, the Policy was entered between the Sassers and Allstate, not Mr. Eisen or Mr. Nott. (Compl., ¶ 8.) Because they were not parties to the insurance contract, Mr. Eisen and Mr. Nott could not have breached it. Consequently, the first and third causes of action state no claim for relief against Mr. Nott and Mr. Eisen as a matter of law. *See Zogbi v. Federated Dep't Store*, 767 F. Supp. 1037, 1041 (C.D. Cal. 1991) (dismissing as "fraudulently joined" two employees sued with their corporate employer for contract violations); *Bennett*, 753 F. Supp. at 302-03 (denying motion to remand on basis that contract claim against non-diverse insurance agent failed to state a claim, and agent was fraudulently joined).

As such, plaintiffs' first and third causes of action against Mr. Eisen and Mr. Nott should be dismissed with prejudice.

**B. Mr. Eisen Cannot Be Held Individually Liable For Acts Committed Within The Scope Of His Employment As A Matter Of Law**

It is elementary that a claim adjuster is not personally liable to an insured, under any theory, for acts undertaken within the course and scope of his or her employment. As the Ninth Circuit held in *Mercado v. Allstate Ins. Co.,* 340 F.3d 824, 826 (9th Cir. 2003):

> All of Mercado's allegations against [the claim adjuster] pertain to actions she took in her capacity as an Allstate employee. It is well established that, unless an agent or employee acts as a dual agent . . . she cannot be held individually liable as a defendant unless she acts for her own personal advantage . . . See *Lippert v. Bailey*, 241 Cal. App. 2d 376, 382-83, 50 Cal.Rptr. 478 (1996) (insurance agents not independently liable for negligent failure to provide adequate insurance); *Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804, 807-09 (N.D. Cal. 1998) (insurance agent was a sham defendant because, under *Lippert* he would not be independently liable for fraud).

*See also Icasiano v. Allstate Ins. Co.,* 103 F. Supp. 2d 1187, 1190 (N.D. Cal. 2002) (claim adjuster has no liability for allegedly fraudulent acts taken in the course and scope of her employment); *Moreno v. Allstate Ins. Co.,* 2002 WL 31133203, *2 (C.D. Cal. 2002) ("Because Munoz's alleged misrepresentations were undisputedly made in the course of his duties as an Allstate claims adjuster, Moreno may not hold Munoz individually liable on fraud or negligent misrepresentation theories."); *Cobarrubias v. Allstate Ins. Co.,* 1998 WL 656571, at *1 (C.D. Cal. 1998) (an insurance adjuster "cannot be held personally liable for damages resulting from acts committed in the course and scope of his or her employment").

No cause of action can be stated against Mr. Eisen under California law because he was at all times acting in the capacity of a fully disclosed employee of Allstate. Plaintiffs admit Mr. Eisen is an employee of Allstate. (Compl., ¶ 20.) Moreover, plaintiffs admit that Mr. Eisen's acts alleged within the complaint were done within the course and scope of his employment. (Compl., ¶ 5.) Thus, plaintiffs by their own admissions are trying to hold Mr. Eisen liable for performing his job as an Allstate claim adjuster. Such allegations contravene established California law as discussed above. Accordingly, Mr. Eisen cannot be held personally liable for any of the alleged acts contained in the complaint, and should be dismissed entirely from this case.

### C. Mr. Nott Cannot Be Held Individually Liable Because He Acted Within The Course and Scope of His Agency With Allstate

An insurance agent acting in the name of an insurance company is not personally liable to the insured for acts committed within the scope of his authority. *See e.g. Lippert v. Bailey*, 241 Cal. App. 2d 376, 382 (1996). As noted above, the Ninth Circuit explained in *Mercado*, it is elementary that agents of insurance companies are not liable to an insured, under any theory, while acting within the course and scope of their agency. *Mercado v. Allstate Ins. Co.,* 340 F.3d 824, 826 (9th Cir. 2003); s*ee also Meisel v. Allstate Indem. Co.*, 357 F. Supp. 2d 1222, 1226-1227 (E.D. Cal. 2005) (dismissing Allstate agent as sham defendant under *Mercado*).[1] Rather, liability rests solely on the insurer.

Even prior to *Mercado*, both federal and California state courts consistently applied this rule. *See, e.g., Lippert*, 241 Cal. App. 2d at 382 (insurance agents acting for a disclosed principal not personally liable for acts committed in scope of employment); *Charlin v. Allstate Ins. Co.*, 19 F. Supp. 2d 1137, 1142 (C.D. Cal. 1998) (insurance agent acting within the course and scope of his employment cannot be held liable for damages resulting from a negligent failure to insure); *Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804, 808 (N.D. Cal. 1998) (finding there was "no possibility" that plaintiff could state a cause of action for negligent misrepresentation against insurance agent); *Gasnik v. State Farm Ins. Co.,* 825 F. Supp. 245, 249 (E.D. Cal. 1992) ("Where an agent is duly constituted and names his principal and contracts in his name and does not exceed his authority, the principal is responsible and not the agent."); *Bennett v. Allstate Ins. Co.,* 753 F. Supp. 299, 302 (N.D. Cal. 1990) (dismissing claim against insurer's agent for fraud based on alleged misrepresentations contained in insurance policy to which agent was not a party); *Kuebler v. Allstate Ins. Co.*, No., 1998 WL 596733, at *3 (C.D.

---

[1] *Macey v. Allstate Prop. And Cas. Ins. Co.*, 220 F. Supp. 2d 1116 (N.D. Cal. 2002) does not apply. In *Macey*, the court suggested that a "special duty" exception to *Lippert* may exist when a complaint contains allegations of misrepresentations by an insurance agent. Id. at 1125. In light of the Ninth Circuit's decision in *Mercado*, however, it is clear that a "special duty" exception to *Lippert* does not exist. *See* 340 F.3d at 826. In any event, plaintiffs allege no specific misrepresentations against Mr. Nott and thus, *Macey* is inapplicable.

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. CALIFORNIA BLVD., SUITE 800
WALNUT CREEK, CALIFORNIA 94596
(925) 949-2600

Cal. July 9, 1998) (dismissing claim for negligent misrepresentation against insurer's agent acting within scope of agency); *Duffy v. Allstate Ins. Co.,* 1997 WL 809639, at *2-*3 (C.D. Cal. Nov. 3, 1997) (dismissing claim for negligent misrepresentation against insurer's agent who acted within scope of his agency); *Griffen v. Allstate Ins. Co.*, 1995 WL 1036750, at *2 (agent sued for bad faith and breach of fiduciary duty fraudulently joined).*See, e.g., Desai v. Farmers Ins. Exch.*, 47 Cal. App. 4th 1110, 1119-21 (1996) (action for agent's negligence rests with the insurer).

Here, plaintiffs admit Mr. Nott is an Allstate agent and that he was acting within the course and scope of his agency for Allstate. (Compl., ¶¶ 5, 20.)[2] There is no conduct alleged in the complaint that occurred outside the scope and course of Mr. Nott's role as an Allstate sales agent. Because California law imposes no personal liability on an agent for a disclosed insurance company while performing his job, Mr. Nott cannot be personally liable to plaintiffs. Accordingly, all of plaintiffs' causes of action against Mr. Nott should be dismissed with prejudice.

## IV.   CONCLUSION

Plaintiffs cannot defeat removal by asserting meritless claims against resident defendants and using them to bootstrap themselves out of federal court. Plaintiffs have a dispute with Allstate, an Illinois corporation, over the coverage contained in their Policy. Mr. Nott and Mr. Eisen, however, have no connection to the controversy outside the scope of their employment as Allstate's sales agent and claim adjuster. Specifically, Mr. Nott and Mr. Eisen cannot breach an insurance contact they are not a parties to as a matter of elementary legal principles. In addition, they cannot be liable for negligence, negligent infliction of emotional distress or intentional infliction of emotional distress on the basis of conduct that occurred in their capacity as agents or employees of Allstate.

---

[2]   Plaintiffs' factual allegations are binding judicial admissions. *See*, *e.g.*, *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ("[f]actual assertions in pleadings . . . are considered judicial admissions conclusively binding on the party who made them"); *Smith v. Walter E. Heller & Co.*, 82 Cal. App. 3d 259, 269 (1978).

-8-

CASE NO. C 08-03793 SI                                                                 STAN EISEN AND RUSS NOTT'S
                                                                                                          MOTION TO DISMISS

As set forth in Allstate's removal papers, the joinder of Mr. Nott and Mr. Eisen in this case was fraudulent and designed to prevent removal.  Accordingly, defendants respectfully request that the Court dismiss plaintiffs' complaint in its entirely without leave to amend as to Mr. Eisen and Mr. Nott.

Respectfully submitted,

Dated: August  12, 2008                SONNENSCHEIN NATH & ROSENTHAL LLP


By       */s/ CYNTHIA L. MELLEMA*
              CYNTHIA L. MELLEMA

Attorneys for Defendants
ALLSTATE INSURANCE COMPANY,
STAN EISEN and RUSS NOTT

27304315\V-2